IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hayward L. Rogers, #278510, ) | |
| ) | Civil Action No. 2:12-1858-TMC |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On July 6, 2012, the petitioner, a state prisoner proceeding *pro se*, filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), DSC, all pre-trial proceedings in this matter were referred to a magistrate judge. This case is now before the court on the magistrate judge's report and recommendation ("Report"), addressing several motions: (1) the petitioner's motion to dismiss (ECF No. 31), (2) the respondent's motion for summary judgment (ECF No. 43), (3) the petitioner's motion to amend/correct his habeas petition (ECF No. 51), and (4) the petitioner's motion to amend/correct his response in opposition to the respondent's motion for summary judgment (ECF No. 53). (ECF No. 63.) The Report recommends granting the respondent's motion for summary judgment and denying the other pending motions as moot. The petitioner objects to the Report on several grounds. (ECF Nos. 65, 67.)

The court is obligated to conduct a de novo review of every portion of the Report to which a party specifically objects. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."

*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After a thorough review of the record in this case, the court adopts the Report and incorporates it herein.

## I. Legal Standard

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended; *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief, unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding.

28 U.S.C. § 2254(d)(1)(2); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. *Id*. at 785.

## II. Discussion

The habeas petition in this case raises twenty-three grounds for review. The Report details and analyzes each ground, along with the background and procedural history of this case. Rather than repeat that information here, this order incorporates the Report and addresses only those portions to which the petitioner has specifically objected. The court finds that the petitioner has specifically objected to the Report's findings that: (1) the petitioner's trial counsel discovered that the witness was deaf at trial; (2) his trial counsel did move for an interpreter at trial; and (3) grounds five through twenty one of the petition are procedurally barred.[1] The court has conducted a thorough de novo review of these three objections. The petitioner's remaining objections are general and conclusory, and not supported by any evidence or legal argument not specifically addressed in the Report.

### a. Procedural Deficiencies

The petitioner asserts that, contrary to the Report's findings, grounds five through twenty one are not procedurally barred. Grounds five through seven and ground twenty allege various instances of ineffective assistance on the part of the petitioner's trial counsel. Grounds eight through fourteen allege the same of the petitioner's appellate counsel. Grounds fifteen through nineteen seek review of various lower court actions and rulings. And, ground twenty one alleges that the lower court refused to hear, and his attorneys refused to introduce or argue, newly discovered evidence.

The court has fully reviewed the record and agrees with the Report's assessment. Grounds five through fourteen and ground twenty, while mentioned in the petitioner's PCR application, were not raised in his Petition for Writ of Certiorari. Accordingly, those claims are

---

[1] In addition, the petitioner objects to the magistrate judge's denial of his motion to recuse. However, that objection would properly go to the magistrate judge, not this court. And, because this court agrees with the Report and grants summary judgment, that motion will be moot.

procedurally barred. *See Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004); *Ward v. McLeod*, No. 3:01-0012-25BC, 2002 WL 31996018, at *4 (D.S.C. Apr. 18, 2002). Ground fifteen concerns a collateral proceeding and is therefore barred under 28 U.S.C. § 2254(i). Grounds sixteen and seventeen allege errors of state law, which are not cognizable grounds for habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); 28 U.S.C. § 2254(a). The petitioner has not exhausted grounds seventeen, eighteen, or nineteen because he did not raise the issues in either his direct appeal or in his first PCR application. And, while the petitioner raised ground twenty one is his 2010 PCR application, the state court dismissed that application as successive and time-barred. Accordingly, the petitioner may not raise that claim in this habeas action. *See Matthews v. Evatt*, 105 F.3d 907, 915-16 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).

### b. Ineffective Assistance of Trial Counsel

To state a claim for ineffective assistance of counsel, a petitioner must show that: (1) his counsel was deficient in his representation and (2) the petitioner was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this case, the petitioner asserts that his trial counsel was ineffective because he did not find out the victim, who was also a witness at trial, was deaf until the trial started and because he did not move for an interpreter.

As to both issues, the court finds that the petitioner's trial counsel was not deficient in his representation and the petitioner was not prejudiced. The trial transcript shows that once counsel had difficulty understanding the witness's testimony, he began taking numerous measures to ensure that the petitioner received a fair trial, including moving for a qualified interpreter – twice. (*See* ECF No. 42-2, 145:24, 149:12-154:20, 157:21-158:7, 185:5-186:20.)

The timing of these measures would not have changed the outcome. Even if counsel had met with the witness prior to trial and realized the communication problems, the trial judge still would have had to resort to asking a family member to help interpret the witness's testimony. The communication barrier was not a simple language difference that could be solved with a court-appointed interpreter. Here, the witness was deaf, had never learned sign language, and, instead, had invented her own unique way of communicating with the rest of the world. To the best of their abilities under the circumstances, the petitioner's trial counsel and the lower court provided the petitioner with an adequate means, consistent with applicable statutes and existing precedent, to cross examine his accuser.

### III. Conclusion

After a thorough review of the record, the court does not find that any of the petitioner's objections warrant deviating from the Report. Therefore, the court adopts the Report, grants the respondent's motion for summary judgment (ECF No. 43), dismisses the petitioner's habeas petition with prejudice, and dismisses the remaining motions (ECF Nos. 31, 51, 53) as moot.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
Timothy M. Cain  
United States District Court Judge

May 29, 2013  
Anderson, South Carolina